*Ram v. Sessions*

BIA
A200 239 615

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand eighteen.

PRESENT:
        JON O. NEWMAN,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

_____

DAWINDER RAM,
        *Petitioner,*

      v.                        17-138
                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Fremont, CA.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Benjamin Zeitlin, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dawinder Ram, a native and citizen of India, seeks review of a December 23, 2016 decision of the BIA denying his August 19, 2016 motion to reopen. *In re Dawinder Ram,* No. A200 239 615 (B.I.A. Dec. 23, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Ram's motion to reopen for abuse of discretion, and its factual findings regarding country conditions under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion, Ram asserted that his family had informed him that his life was in danger in India given his past political activity, and that police had raided his house and arrested and beat his father in an effort to find Ram.

2

It is undisputed that Ram's 2016 motion to reopen was untimely because his removal order became final in 2014. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day filing period for motions to reopen); 8 C.F.R. § 1003.2(c)(2)(same). This time limitation does not apply if the motion is filed to apply for asylum "based on changed country conditions" since the time of the original hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in finding Ram's evidence insufficient to establish a material change in conditions in India, i.e., increased police violence, corruption, and harassment of Ram's family. Contrary to Ram's contention, the BIA expressly considered his country conditions evidence, and reasonably concluded that police violence and corruption in India has persisted since before Ram's hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

3

Moreover, the country conditions evidence does not mention politically-motivated police violence as would be relevant to Ram's claim. Because the BIA reasonably concluded that Ram failed to establish a material change in conditions as needed to excuse his untimely filing, the BIA did not abuse its discretion in denying the motion as time barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

The BIA also did not err by according little weight to the affidavits Ram submitted in support of his motion. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the BIA's determination of the weight afforded to documentary evidence)*; see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (holding that the BIA may decline to credit certain evidence submitted by a movant who was found not credible in underlying proceedings). Moreover, the affidavits list three incidents when police purportedly arrested and beat Ram's father to force him to divulge Ram's whereabouts, but they provide no details about the incidents, they do not state why police were searching for Ram, and they assert, without any support, that police will kill Ram if he returns to India. Given that Ram's claim is substantially

related to the political persecution claim underlying his original asylum application, which the agency reasonably determined was not credible, the BIA did not err in finding that these affidavits, lacking any detail, did not establish Ram's prima facie eligibility. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam) (finding no abuse of discretion in the BIA's denial of a motion to reopen when "evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"). In light of the above, the BIA did not abuse its discretion in denying Ram's motion to reopen based on his failure to establish his prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court